ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES THOMAS BRYANT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-025 |
| | ) | (Formerly CR 105-110) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 11.) Concurrent with his objections, Petitioner also moved to stay the proceedings pending the Supreme Court's decision in Sessions v. Dimaya, No. 15-1498. (Doc. no. 12.) Then, Petitioner filed a Motion to Amend his § 2255 motion on April 19, 2017. (Doc. no. 15.) The Court will address Petitioner's objections and motions in turn.

I. **MOTION TO AMEND**

Petitioner seeks to amend his § 2255 motion to add claims, that in light of the Supreme Court's decision in Dean v. United States, 137 S.Ct. 1170 (2017), that (1) his "plea was not entered into knowingly and voluntarily" and (2) "the District Court would have sentence [sic] [Petitioner] to a lesser term of imprisonment if it would have known its authority was discretionary". (Doc. no. 15, p. 2.) Petitioner also seeks to add the claim raised in his motion to stay that "the 924(c) counts should be vacated and dismissed because

Title 18 U.S.C. Section 1951 is not a crime of violence as that term is defined under Title 18 U.S.C. Section 16." (Id.; see doc. no. 12)

The Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus "to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4). Similarly, Rule 12 of the Rules Governing § 2255 Proceedings provides: "The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Furthermore, both the Supreme Court and the Eleventh Circuit have held Federal Rule of Civil Procedure 15 applicable to requests to amend § 2255 motions. See Mayle v. Felix, 545 U.S. 644, 654-55 (2005); Pruitt v. United States, 274 F.3d 1315, 1317-19 (11th Cir. 2001). Thus, the Court will apply a traditional Rule 15 analysis to Petitioner's motion to amend.

Under Rule 15(a)(1)(A), a party may amend its pleading once as a matter of course within twenty-one days after service. Petitioner's motions to amend—filed over one year after the initial § 2255 motion, nearly one month after the Magistrate Judge entered his R&R, and two days after the standard fourteen-day deadline to file objections to the R&R—do not fall under the rubric of Rule 15(a)(1)(A). Thus, he can only amend with leave of court: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The government does not consent, (doc. no. 16), and thus the Court turns to its determination on whether Petitioner's belated amendments should be allowed.

As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Foman v. Davis, 371 U.S. 178, 182 (1962); Wedemeyer v. Pneudraulics, Inc., 510 F. App'x 875, 878 (11th Cir. 2013). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (quoting Foman, 371 U.S. at 182).

As one court has explained in the context of affirming the denial of a request to amend in a § 2255 case, a petitioner who "has had ample opportunity to present his case to the Court . . . cannot simply raise new claims as they occur to him." United States v. Burbage, 280 F. App'x 777, 782 (10th Cir. 2008); cf. McCleskey v. Zant, 499 U.S. 467, 485 (1991) ("Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless, piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay." (citation omitted)). This is particularly true where a party has been put on notice that his claims are meritless and then attempts to introduce new theories of obtaining relief. See Andrx Pharms., Inc. v. Elan Corp., PLC, 421 F.3d 1227, 1236-37 (11th Cir. 2005). Moreover, a motion to amend that seeks to add claims is properly denied as futile when the claims are without merit or cannot form the basis for cognizable relief. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (ruling that futility includes proposed amendments that fail as a matter of law).

3

As set forth in the R&R, Petitioner originally alleged "that after Johnson, (1) his North Carolina conviction for conspiracy to commit common law robbery is no longer a valid ACCA predicate, and (2) his conviction for Hobbs Act robbery (18 U.S.C. § 1951) no longer qualifies as a 'crime of violence.'" (Doc. no. 9, p. 4.) He now seeks to raise new claims unrelated to his Johnson claims and based on a completely different Supreme Court decision. Because Petitioner is merely attempting to concoct new theories of obtaining relief after receiving notice that his current claims are meritless, the Court **DENIES** his motion to amend (doc. no. 15). See Andrx Pharms., Inc., 421 F.3d at 1236-37.

Moreover, even if the Court were to consider the merits of the motion, Petitioner is not entitled to relief, and thus, the motions are also due to be denied for futility. In Dean, the Supreme Court held a district court is not prohibited from considering the impact of the mandatory minimum sentence required under 18 U.S.C. § 924(c) in determining the appropriate sentence for the underlying predicate offense. Dean v. United States, 137 S. Ct. 1170, 1178 (2017). In that case, the district court specifically concluded "he was required to disregard [the defendant]'s 30-year mandatory minimum when determining the appropriate sentences for [the defendant]'s other counts of conviction." Id. at 1175.

Here, however, this Court used no such language when considering Petitioner's sentence for his Hobbs Act robbery (the underlying predicate offense). See United States v. Bryant, CR 105-110, doc. no. 21 (S.D. Ga. Apr. 13, 2016). Furthermore, even if this Court applied Dean to Petitioner's sentencing, his total sentence would not have changed. The Court ran Petitioner's 180-month sentence for Hobbs Act robbery concurrent with the 180-month mandatory minimum sentence required by the Armed Career Criminal Act for his conviction for possession of a firearm. (See doc. no. 17.) Dean would not have allowed the

4

Court to ignore the mandatory minimums on Petitioner's ACCA felon-in-possession and § 924(c) convictions. Therefore, even if he received the same sentence for his Hobbs Act robbery count as the defendant in Dean, he still would be serving 180 months for his felon-in-possession and a consecutive 84 months for his § 924(c) conviction. (See id.) Thus, any claim based on Dean is meritless and futile.

The merits of Petitioner's third ground for amendment are also meritless as addressed in Section II. *infra*.

## II. MOTION TO STAY

Petitioner argues the Court should stay the proceedings until the Supreme Court decides Sessions v. Dimaya. (See doc. no. 11, p. 2; doc. no. 12.) However, in Dimya, the narrow issue is whether the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) applies to the residual clause, not the elements clause, of the "crime of violence" definition in 18 U.S.C. § 16(b). See Dimaya v. Lynch, 803 F.3d 1110, 1111 (9th Cir. 2015), *cert. granted*, 137 S. Ct. 31 (2016). Here, each of Petitioner's predicate offenses qualifies under either the "serious drug offense clause" or the "elements clause" of the Armed Career Criminal Act ("ACCA"). (See doc. no. 9, pp. 8-10.) Therefore, even if in Dimya the Court were to extend the rule in Johnson to 18 U.S.C. § 16(b), it would have no bearing on Petitioner's conviction. Accordingly, the Court **DENIES** Petitioner's Motion to Stay. (Doc. no. 12.)

## III. OBJECTIONS

In his objections, Petitioner contends the Magistrate Judge erred in finding that Petitioner was convicted in 1983 on two counts of bank robbery in the Middle District of

5

North Carolina case. (Doc. no. 11, p. 1.) The Shepard documents[1] confirm Petitioner was indeed convicted of two separate counts of armed bank robbery. (See doc. no. 5-2.) Regardless, even if Petitioner only had one bank robbery conviction, Petitioner still has three prior valid ACCA predicates after Johnson, as the Magistrate Judge correctly concluded. (See doc. no. 9, pp. 7-10.)

Petitioner also wrongly contends he "was enhanced based on three prior predicate offenses: One Count of heroin in 1976 distribution case; One Count of Bank Robbery in North Carolina 1983, and One Count of Common Law Robbery in North Carolina." (Doc. no. 11, p. 4.) Based on this erroneous contention, Petitioner argues the Magistrate Judge impermissibly substituted an extra heroin distribution count as an ACCA predicate that was not presented at sentencing. (Id. at 2-4.)

Petitioner was not sentenced based solely on the three predicate offenses he enumerates. As the Magistrate Judge noted, the Presentence Investigation Report ("PSI") delineated six prior convictions that qualified for ACCA enhancement purposes: (1) a 1976 conviction for conspiracy to distribute a narcotic controlled substance; (2)-(3) two 1976 convictions for distribution of heroin; (4) a 1983 conviction for conspiracy to commit a felonious robbery; (5) a 1983 conviction for bank robbery; and (6) a 1983 conviction for bank robbery, assault with a weapon. PSI ¶¶ 25, 44-46; see also (doc. no. 9, p. 3). Petitioner did not object to these convictions either in writing or at sentencing. See PSI Add.; United States v. Bryant, CR 105-110, doc. no. 21 (S.D. Ga. Apr. 13, 2016) (hereinafter "CR 105-110"). As there were no objections, this Court adopted the factual statements of the PSI,

---

[1] Shepard v. United States, 544 U.S. 13, 26 (2005).

including the above convictions, as its own findings of fact. CR 105-110, doc. no. 21, p. 3. Therefore, Petitioner's sentence was enhanced based upon those six predicate offenses, not just the three as Petitioner contends. Consequently, as the Magistrate Judge detailed, Petitioner's two 1976 convictions for distributing heroin and his prior conviction for bank robbery still qualify to meet the three predicates necessary to impose the ACCA enhancement. (See doc. no. 9, pp. 7-10.)

IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Petitioner's Motion to Amend (doc. no. 15), **DENIES** Petitioner's Motion to Stay (doc. no. 12), **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DENIES** without an evidentiary hearing Petitioner's motion filed pursuant to 28 U.S.C. § 2255.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not

---

[2]"If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this ___1st___ day of ___May___, 2017, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE